UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BRIDGET M. PETERSON,                                  :
                                                      :
                    Plaintiff,                        :         **SUMMARY ORDER**
                                                      :
          -against-                                   :         04-CV-752 (DLI)(WDW)
                                                      :
VILLAGE OF OCEAN BEACH, OCEAN                         :
BEACH POLICE DEPARTMENT,                              :
CHIEF EDWARD PARADISO, and                            :
MAYOR NATALIE ROGERS,                                 :
                                                      :
                    Defendants.                       :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

The Village of Ocean Beach, Ocean Beach Police Department ("Ocean Beach PD"), Chief Edward Paradiso, and Mayor Natalie Rogers (collectively "defendants") move to dismiss plaintiff Bridget M. Peterson's ("plaintiff") N.Y. Executive Law § 296 ("NYHRL") claim because of her alleged failure to serve a timely notice of claim as required by N.Y. Civil Practice Law and Rules ("NYCPLR") § 9801. Defendants also move to dismiss all claims against the Ocean Beach PD on the ground that it is not an entity that can either sue or be sued. For the reasons that follow, defendants' motion to dismiss the NYHRL claim is denied, and the motion to dismiss the claims against the Ocean Beach PD is granted.

With respect to defendants' first claim that plaintiff's NYHRL claim must be dismissed, § 9801 of the NYCPLR provides:

> 1.  No action shall be maintained against the village for a personal injury or injury to property alleged to have been sustained by reason of the negligence or wrongful act of the village or any officer, agent or employee thereof, unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law.
> 2.  Every such action shall be commenced pursuant to the provisions of section fifty-I of the general municipal law.

(McKinney's 1981 & Supp. 2005.)

In turn, § 50-e (a) of the N.Y. Gen. Mun. Law provides, in relevant part, that a "Notice of Claim" is required "[i]n any case founded upon tort." (McKinney's 1999.) New York Gen. Mun. Law § 50-I, entitled "Presentation of tort claims; commencement of actions," is similarly and unsurprisingly limited to torts. (McKinney's 1999.) Thus, with respect to actions brought against a village, the statutory provisions regarding a "Notice of Claim" are consistent in their applicability to tort claims only.

An employment discrimination claim under the NYHRL is not a tort. It is therefore exempt from the notice of claim requirement. *See e.g. Aggarwal v. New York City Health and Hosps. Corp.*, No. 98 Civ. 5063 (DLC), 2000 WL 172787, at * 9 (S.D.N.Y. Feb. 10, 2000) (collecting cases).

Despite reporting that their "[r]esearch has disclosed no reported decision addressing the applicability of New York Civil Practice Law and Rules § 9801 to employment discrimination claims asserted under the New York Human Rights Law" in the context of actions brought against a village, defendants nevertheless cite a number of cases in support of their argument, none of which, admittedly, involve village defendants. (Defs.' Letter of Aug. 10, 2005.) Instead, the cases involve either county or municipal defendants.

New York County Law § 52 is explicit in its application:

> Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature . . . and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county . . . must be made and served in compliance with section fifty-e of the general municipal law.

(McKinney's 2004). Thus, as this section makes all too clear, "[a]ny claim" brought against a

county must satisfy the N.Y. Gen. Mun. Law notice of claim requirement.[1] On the basis of the statutory text and decisional law, municipal and county defendants are distinguishable from village defendants. The notice of claim provision of NYCPLR § 9801 does not apply to NYHRL claims brought against an incorporated village. Accordingly, defendants' motion to dismiss the NYHRL claim is denied.

Defendants next argue that the Ocean Beach PD is not a suable entity and move to dismiss all claims against it. Whether an entity, such as a village, has the capacity to sue and be sued depends on "the law of the state in which the district court is held . . . ." F.R.C.P. 17(b). New York Village Laws are silent with respect to a village police department's power to sue or be sued. However, N.Y. Village Law § 1-102 states, in relevant part, that an incorporated village, itself, has the power to sue and be sued. N.Y. Village Law § 1-102(5) (McKinney's 1996). Presumably, had the New York State Legislature wanted to thus empower a village police department they would have explicitly so stated. *See* N.Y. Statutes § 94 ("Words will not be expanded so as to enlarge their meaning to something which the Legislature could easily have expressed but did not.").

Moreover, the New York Legislature consigned the village police department's very existence to a resolution passed by the village board of trustees. New York Village Law § 8-800 specifies that a village board of trustees is charged with creating a village police department. Having to depend on the village board of trustees to decree its existence and lacking the capacity to sue or be sued, a village police department can safely be described as a subdivision of an incorporated village. It consequently lacks a "legal identity" independent of the village that does

---

[1] New York County Law § 941 states that N.Y. County Law § 52 is applicable to the counties within New York City.

have the capacity to sue or be sued. *See Davis v. Lynbrook Police Department*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citing *Hall v. City of White Plains*, 185 F. Supp.2d 293, 303 (S.D.N.Y.2002); *Polite v. Town of Clarkstown*, 60 F. Supp.2d 214, 216 (S.D.N.Y.1999); *Umhey v. County of Orange*, 957 F.Supp. 525, 530-31 (S.D.N.Y.1997); *Wilson v. City of New York*, 800 F.Supp. 1098, 1101 (E.D.N.Y.1992)) (finding that a municipal police department did not have a "legal identity separate and apart from the municipality" and, therefore, could not sue or be sued."). Pursuant to the relevant statutes and caselaw, therefore, the Ocean Beach PD is not a proper party and plaintiff's claims against defendant Ocean Beach PD are dismissed.

DATED:     Brooklyn, New York
              January 31, 2005

/s/
DORA L. IRIZARRY
United States District Judge